UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN GUADALUPE CORNEJO GUANUQUIZA and
INGRID ENRIQUEZ VILLAMARIN,

                Petitioners,

v.

LaDEON FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; KRISTI NOEM in her official capacity as Secretary of Homeland Security; PAM BONDI, in her official capacity as Attorney General,

                Respondents.

25-CV-10267

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

      Upon entering the United States in April 2024, Petitioner Ingrid Enriquez Villamarin was detained by the Department of Homeland Security ("DHS"). Dkt. No. 1 ("Pet.") ¶¶ 13–15. She was subsequently released on her own recognizance into the country, on the condition that she must report for immigration hearings, surrender for removal if so ordered, and refrain from violating any laws. Dkt. No. 8 ("Resp'ts' Br."), Ex. 3 ("Order of Release on Recognizance"). The Government has not asserted that Ms. Enriquez Villamarin violated any of these conditions. Upon reporting for a routine check-in at 26 Federal Plaza on December 10, 2025, however, she was detained by U.S. Immigration and Customs Enforcement ("ICE"), Pet. ¶¶ 10, 16, which claims that it "canceled her release on the Order of Recognizance since detention bed space had become available." Dkt. No. 9 ("ICE Decl.") ¶ 9.

      Ms. Enriquez Villamarin has since filed a joint petition for a writ of habeas of corpus seeking immediate release from custody, along with another Petitioner, Karen Guadalupe Cornejo Guanuquiza. On December 18, 2025, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperana v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) is

1

"materially indistinguishable" from this case and "control[s] the result for this petitioner." *See* Resp'ts' Br. at 3.

The Court agrees. In *Rivera Esperanza*, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)). For the reasons stated in *Rivera Esperanza*, the Court makes the same findings here: Ms. Enriquez Villamarin's arrest by ICE was governed by Section 1226(a); she was not afforded any process before her re-arrest; and she is excused from exhausting her administrative remedies. The Court thus grants the Petition as to Ms. Enriquez Villamarin and orders her release from custody by tomorrow, December 19, 2025.

Ms. Enriquez Villamarin also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Pet. at 13. Under the EAJA, a court shall award to a "prevailing party" reasonable fees and expenses incurred in a "civil action" against the United States unless the court finds that "the position of the United States was substantially justified." 28 U.S.C § 2412. "A party prevails if the court grants relief to the party based on 'an assessment of the merits' and thus 'unquestionably' and 'materially alter[s] the existing legal relationship between the parties.'" *Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)). Habeas petitions

"challenging immigration detentions" are "civil actions" within the meaning of the EAJA. *Id.*

Here, Ms. Enriquez Villamarin is the prevailing party in a civil action against the United States. The Court finds that the Government's position "was not substantially justified," since it does not "and has never had a reasonable basis in statutory text, structure, or history." *Id.* Ms. Enriquez Villamarin is entitled, therefore, to reasonable fees and costs. She may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 by January 23, 2026.

To the extent Ms. Enriquez Villamarin still seeks a ruling on her claim under the Administrative Procedure Act, she shall so inform the Court by January 9, 2026. The Court will consider the parties' arguments as to Ms. Cornejo Guanuquiza consistent with its prior order. *See* Dkt. No. 10.

For the reasons stated above, Ms. Enriquez Villamarin's Petition is granted. Respondents are ordered to transport Ms. Enriquez Villamarin back to the Southern District of New York no later than tomorrow, December 19, 2025, and immediately upon effectuating her transfer, to release her from custody. They shall further certify compliance with the Court's order by promptly filing it on the docket.

SO ORDERED.

Dated:   December 18, 2025
        New York, New York

_____
Ronnie Abrams
United States District Judge